UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW N. MATTHEWS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : No. 3:10cv325 (MRK) |
| | : |
| STATE OF CONNECTICUT, | : |
| DEPARTMENT OF PUBLIC SAFETY, | : |
| LEONARD C. BOYLE, | : |
| | : |
| Defendants. | : |

## RULING AND ORDER

In this case, Connecticut State Police Sergeant Andrew N. Matthews alleges that his employer unlawfully retaliated against him for speaking out against a variety of misconduct by his fellow officers and against his employer's attempts to cover up that misconduct. On October 8, 2010, the Court dismissed Sergeant Matthews' Second Amended Complaint [doc. # 29] for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. *See* Ruling and Order [doc. # 46]. On October 12, 2010, the Clerk of the Court entered judgment in favor of Defendants. *See* Judgement [doc. # 47].

Pending before the Court is Sergeant Matthews' Motion for Reconsideration and to Alter Judgment [doc. # 48] pursuant to Rule 59(e).[1] The Court is willing to reconsider its earlier decision and to address the arguments that Sergeant Matthews raises in support of his motion. However, having carefully considered all of those arguments, and for the reasons set forth in detail below, the Court stands by its decision to dismiss Sergeant Matthews' Second Amended Complaint in its

---

[1] The Court construes the pending motion as a motion pursuant to Rule 59(e) because it was filed just eight days after judgment in favor of Defendants was entered, and thus well within the time limit for filing a motion to amend a judgment. *See* Fed. R. Civ. P. 59(e).

entirety. The Court therefore DENIES the pending motion.

Motions to alter or amend judgments are governed by Rule 59(e). As this Court has repeatedly observed, the standard for granting such a motion is strict. *See, e.g.*, *Doninger v. Niehoff*, No. 3:07cv1129 (MRK), 2009 WL 763492, at *1 (D. Conn. Mar. 19, 2009) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). When this Court reviews a Rule 59(e) motion, the question the Court must address "is whether the movant ha[s] pointed to 'controlling decisions or data that the [C]ourt overlooked' – matters 'that might reasonably be expected to alter the conclusion reached by the [C]ourt.'" *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (quoting *Shrader*, 70 F.3d at 257). Such a motion "may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Horsehead Res. Dev. Co., Inc. v. B. U.S. Envtl. Servs., Inc.*, 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations and quotation marks omitted). Furthermore, such a motion "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

The only argument Sergeant Matthews raises in support of the pending motion is that in dismissing his First Amendment retaliation claim against Defendant Leonard C. Boyle in his individual capacity,[2] this Court overlooked the "critical mass" theory of First Amendment retaliation, which the Second Circuit relied on in its decision in *Phillips v. Bowen*, 278 F.3d 103, 109 (2d Cir. 2002). It is true that Sergeant Matthews relied on *Phillips* and invoked the critical mass theory in opposition to Defendants' Motion to Dismiss, and that the Court did not specifically address that

---

[2] Sergeant Matthews does not argue that the Court erred in dismissing his claims against Mr. Boyle in his official capacity. Nor does he argue that the Court erred in declining to exercise supplemental jurisdiction over his state law claims against the State of Connecticut and the Connecticut Department of Public Safety.

argument in its Ruling and Order granting that motion. However, having now carefully reconsidered Sergeant Matthews' critical mass argument, the Court stands by its decision to dismiss Sergeant Matthews' First Amendment retaliation claim against Mr. Boyle.

In *Phillips*, the Second Circuit held that "a combination of seemingly *minor* incidents [may] form the basis of a constitutional retaliation claim once they reach a critical mass." 278 F.3d at 109 (emphasis added) (citation omitted). As the Second Circuit reasoned in *Bernheim v. Litt*, 79 F.3d 318 (2d Cir. 1996):

> [A] number of Bernheim's claimed damages and acts of retaliation, treated separately, would be trivial and do not rise to the level of a constitutional violation. However, in our view, it would be burdensome to have the district court "prune" a complaint at the pleading stage by making a determination with regard to each allegation within a cause of action that is legally cognizable when viewed in its totality. This balancing process and assessment and elimination of non-constitutional claims is more appropriately undertaken by the district court at a later stage of the proceedings, namely upon review of motions pursuant to Rule 56 or Rule 50.

*Id.* at 325. At the pleading stage, then, this Court may only consider as a general matter whether the plaintiff has alleged individual incidents sufficiently severe to support a retaliation claim, or a pattern of incidents which together constitutes "nearly constant harassment." *Deters v. Lafuente*, 368 F.3d 185, 189 (2d Cir. 2004) (quoting *Phillips*, 378 F.3d at 108).

Sergeant Matthews' reliance on *Phillips* and the critical mass theory at this stage is somewhat surprising. In its Ruling and Order granting Defendants' Motion to Dismiss, the Court concluded that Sergeant Matthews alleged *numerous* individual incidents which were sufficiently severe on their own to support a retaliation claim. The basis of the Court's decision was not that Sergeant Matthews alleged only minor acts of retaliation that did not individually qualify as adverse employment actions. *See Zelnick v. Fashion Inst. of Tech.*, 464 F.3d 217, 227 (2d Cir. 2006)

3

("'[A]ctionable retaliation' [is] that which 'might well have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" (citation omitted)). Instead, the bases of the Court's decision were that: (a) Sergeant Matthews was time-barred from seeking damages from Mr. Boyle for alleged retaliatory acts that occurred before February 4, 2007; (b) Sergeant Matthews failed to allege that Mr. Boyle was personally involved in a number of the alleged retaliatory acts that occurred after February 4, 2007; and (c) Mr. Boyle's alleged acts after February 4, 2007 were actions that were either taken in Sergeant Matthews' favor, or actions to could not as a matter of law support a First Amendment retaliation claim.

Sergeant Matthews – again, relying exclusively on *Phillips* and the critical mass theory – takes issue with those conclusions in two different respects. He first takes issue with the Court's conclusion regarding the statute of limitations, arguing that Mr. Boyle's alleged actions before February 4, 2007 were minor incidents that together did not reach a critical mass until after February 4, 2007. The Court believes that it necessarily rejected that argument when it concluded that Mr. Boyle's alleged pre-February 4, 2007 actions were discrete acts that were individually severe enough to support a First Amendment retaliation claim. *See Washington v. Cnty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (holding that a "series of separate acts [cannot] be characterized as an ongoing policy . . . sufficient to toll the applicable statute of limitations"). Sergeants Matthews' argument to the contrary is belied by the fact that he filed a different 42 U.S.C. § 1983 action against a number of other defendants based on virtually identical factual allegations nearly three years before he filed this action. *See Matthews v. Blumenthal*, No. 3:07cv739 (WWE) (D. Conn. filed May 9, 2007). The Court stands by its conclusion regarding the statute of limitations, and believes that *Phillips* and the critical mass theory have no bearing on that conclusion. *Cf. Pearl v. City of Long*

*Beach*, 296 F.3d 76, 80 (2d Cir. 2002) (holding that federal law determines when a § 1983 action accrues, and "that accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his actions" (internal quotation marks and citation omitted)).

Sergeant Matthews also takes issue with the Court's conclusion that Mr. Boyle's alleged post-February 7, 2007 conduct taken alone cannot support a First Amendment retaliation claim. He argues that although no single action allegedly taken by Mr. Boyle between February 7, 2007 and March 1, 2007 – the date of Mr. Boyle's retirement from the State Police Department – was severe enough to constitute actionable retaliation, all of them together formed the requisite critical mass of "nearly constant harassment." *Phillips*, 378 F.3d at 108. Between February 7, 2007, Sergeant Matthews alleges that Mr. Boyle: (1) denied a union request to place Sergeant Matthews on paid administrative leave; (2) approved a decision to transfer Sergeant Matthews to office space at Brainard Field in Hartford; (3) approved a union request to transfer Sergeant Matthews to the Forensic Laboratory in Meriden instead of the Brainard Field in Hartford; (4) failed to ensure that Sergeant Matthews received office space in a "controlled area" at the Forensic Laboratory in Meriden; and (5) approved a decision to refer Sergeant Matthews for psychological counseling. Putting aside the Court's concerns about whether Sergeant Matthews has sufficiently alleged that Mr. Boyle was personally involved in those actions, the Court does not believe that those actions taken together rise anywhere close to the level of "nearly constant harassment" that would be required to support a "critical mass" retaliation claim. *Phillips*, 378 F.3d at 108. Indeed, a number of those alleged actions were not adverse to Sergeant Matthews in any way, but instead were actions taken to accommodate requests by Sergeant Matthews and requests that the union made on Sergeant Matthews' behalf to improve his work environment.

The Court notes that although Sergeant Matthews makes arguments in support of the pending motion based on his allegation that he had to work out of his police cruiser, the Second Amended Complaint nowhere alleges that *Mr. Boyle* forced Sergeant Matthews to do so. Instead, it appears from the Second Amended Complaint that Sergeant Matthews chose to work out of his police cruiser in order to escape what he believed was an unsuitable work environment. The Court also notes that although Sergeant Matthews' counsel places the allegation that "Mr. Boyle directed the office of labor relations to deny any grievances filed on behalf of" Sergeant Matthews just after the discussion of Mr. Boyle's alleged post-February 7, 2007 actions in the Second Amended Complaint, Second Amend. Compl. [doc. # 29] ¶ 127, Sergeant Matthews *does not* specifically allege that Mr. Boyle issued that direction after February 7, 2007. Nor does Sergeant Matthews allege that any specific grievances were denied under Mr. Boyle's direction between February 7, 2007 and March 1, 2007, the date on which Mr. Boyle left his job at the State Police Department.

For those reasons, the Court DENIES Sergeant Matthews' Motion for Reconsideration and to Alter Judgment [doc. # 48]. **The Court directs the Clerk that the file in this case should remain closed, and that the judgment in favor of Defendants should remain in place.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: January 26, 2011**.